DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Christopher I. Farmer, appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which affirmed a magistrate's decision modifying child support. This Court reverses and remands.
 I. {¶ 2} The parties began divorce proceedings in September of 1998. On July 20, 2001, appellee filed a motion to modify her child support payments. On August 10, 2001, the trial court journalized the final judgment of divorce between the parties. The court later addressed appellee's motion to modify her child support payments on April 23, 2002. Appellee claimed that, because she had become voluntarily unemployed and had began watching the parties' children before and after school, she should receive a reduction in her monthly child support payments. The magistrate noted appellee was in arrears with her payments. The magistrate found that the value of appellee's in-kind daycare services to her children exceeded the amount appellant would pay a month for daycare for the children. He further concluded that appellant reaped a direct economic benefit from appellee's services to their children. The magistrate concluded there should be a deviation in appellee's child support obligation and ordered that her entire payment amount be eliminated effective July 20, 2001.
 {¶ 3} Appellant timely filed objections to the magistrate's decision on May 3, 2002. The parties subsequently agreed to submit their arguments to the court in written form. On December 6, 2002, a trial judge affirmed the magistrate's decision to eliminate appellee's child support payment obligation.
 {¶ 4} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The Trial Court Erred As A Matter Of Law In Finding That There Was A Change Of Circumstances Sufficient To Justify A Recalculation Of Appellee's Child Support Obligation."
 SECOND ASSIGNMENT OF ERROR
"The Trial Court Erred As A Matter Of Law In Eliminating Appellee's Child Support Obligation By Providing A Dollar-for-Dollar Deviation For Watching Her Own Children Instead Of Sending Them To A Day Care Provider."
 {¶ 5} In his first assignment of error, appellant argues the trial court erred in finding there was a change of circumstances sufficient to justify a recalculation of appellee's child support obligation. In his second assignment of error, appellant argues the trial court erred in eliminating appellee's child support obligation by providing a dollar-for-dollar deviation for watching her own children rather than having the children attend daycare.
 {¶ 6} It is well settled that a trial court possesses substantial discretion in decisions regarding child support obligations, and such decisions will be reversed only upon finding an abuse of discretion.Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 7} As a preliminary matter, this Court notes that the trial court did not complete a child support computation worksheet when it deviated from the original support order. R.C. 3119.22 controls a trial court's decision to deviate from child support obligations and provides:
"The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
"If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule andthe applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." (Emphasis added.)
 {¶ 8} R.C. 3119.022 provides a child support computation worksheet and states that the court "shall use a worksheet identical in content and form" to the provided worksheet when the court calculates the amount of child support a party must pay, pursuant to an order, in any proceeding in which one party is a residential parent.
 {¶ 9} This Court reiterates that a trial court may deviate from the amount of child support set by use of the basic child support order and computation worksheet if it states in its journal entry that (1) it finds that the amount determined is unjust or inappropriate; (2) it finds the amount calculated would not be in the best interest of the children; and (3) it states its findings of fact that support that determination. R.C. 3119.22; see, also, Marrero v. Marrero, 9th Dist. No. 02CA008057,2002-Ohio-4862. This Court also notes the following:
"[T]he Ohio Supreme Court has held that the guidelines presented in R.C. 3113.215[1] require a trial court to actually complete a child support worksheet and make it part of the record; `this requirement is mandatory and must be literally and technically followed.' Depalmo v.Depalmo (1997) 78 Ohio St.3d 535, 538, citing Marker v. Grimm (1992),65 Ohio St.3d 139, paragraphs one and two of the syllabus. A trial court's failure to comply with the literal requirements of the statute constitutes reversible error. Dilacqua v. Dilacqua (Sept. 3, 1997), 9th Dist. No. 18244." Carter v. Carter, 9th Dist. No. 21156, 2003-Ohio-240, at ¶ 25.
 {¶ 10} After careful review of the record, this Court finds that the trial court's decision to deviate from the original child support order constitutes reversible error because the court failed to complete a child support computation worksheet as required by R.C. 3119.22 from which to base its decision. Rather, the trial court focused on the fact that appellee was watching the children rather than sending them to daycare, without properly computing the relevant monetary values within the child support worksheet as required by R.C. 3119.22. In light of these facts, this Court need not specifically address appellant's two assignments of error. This Court concludes the trial court erred in deciding to eliminate appellee's child support obligation without completing the mandatory computation worksheet.
 III. {¶ 11} Accordingly, this Court reverses the decision of the Medina County Court of Common Pleas and remands the case for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
BAIRD, P.J., WHITMORE, J., CONCUR
[1] R.C. 3113.215 was repealed effective March 22, 2001. R.C. 3119.22
now governs a trial court's decision to deviate from a child support order.